[Crim. No. 6220. Second Dist., Div. Two. Aug. 15, 1958.]

THE PEOPLE, Respondent, v. MELVIN HERMAN BURTON, Appellant.

---

*Assigned by Chairman of Judicial Council.

Clifton D. Klahs for Appellant.

Edmund G. Brown, Attorney General, and John A. Vander Lans, Deputy Attorney General, for Respondent.

HERNDON, J.—Convicted of assault with a deadly weapon by the trial court sitting without a jury, defendant appeals from the judgment of conviction and from the order denying his motion for a new trial. Defendant contends (1) that the evidence does not support the conviction in that "the evidence clearly shows the right of self defense" and (2) that the trial court abused its discretion in denying his motion for a new trial on the ground of certain newly discovered evidence, the substance of which was set forth in supporting affidavits. We have concluded that neither of these contentions is meritorious.

It is undisputed that a rather sordid quarrel developed between defendant and Pearl Mitchell, the complaining witness, and that this quarrel was abruptly and decisively terminated when defendant felled Mrs. Mitchell with a well-aimed brickbat[1] hurled from a distance of some 15 feet. A lengthy exposition of the sharply conflicting testimony would constitute no worthwhile contribution to legal literature.

Defendant relies upon testimony given by defense witnesses to the effect that Mrs. Mitchell was reputed to have a violent disposition, a fact known to the defendant; that she

[1] "A piece or fragment of a brick; properly, according to Gwilt, less than one half of its length. It is the typical ready missile, where stones are scarce." (The Oxford English Dictionary, vol. I, p. 1094.)

approached defendant in a threatening manner with her hand in the pocket of her dress uttering menacing words, and that when she fell to the ground a pair of scissors slipped from her pocket. Defendant contends in effect that this court must hold as a matter of law that he acted in justifiable self-defense. The contention is without merit.

Each recited item of testimony favorable to defendant's theory is directly controverted by the testimony of the witnesses for the prosecution. Unquestionably, there was ample evidence to support the implied finding of the trial judge that a reasonable man in defendant's position would not have been warranted in believing that such an excessive use of force was necessary in order to prevent bodily harm to himself. (*People v. Fisher*, 86 Cal.App.2d 24, 34 [194 P.2d 116].) It was for the trier of the facts to pass upon the credibility of the witnesses and the weight to be accorded the evidence. (*People v. Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]; *People v. Franklin*, 153 Cal.App.2d 795, 798 [314 P.2d 983]; *People v. Searcy*, 153 Cal.App.2d 799, 802 [314 P.2d 1002].)

 The showing made in support of the motion for a new trial was clearly insufficient. It consisted of two affidavits. One Paul Perry deposed that Mrs. Mitchell bore a reputation as a person of violent disposition and one Bliding Bryant, identifying himself as an eyewitness to the occurrence, gave an affidavit which generally corroborated defendant's version of the facts. The evidence concerning the reputation of the complaining witness appeared to be only cumulative. There is no showing that defendant exercised reasonable diligence to discover and produce such testimony at the trial. (*People v. McGarry*, 42 Cal.2d 429, 432-433 [267 P.2d 254].) There was no abuse of discretion in the denial of the motion for a new trial. (*People v. Miller*, 41 Cal.App.2d 252, 259 [106 P.2d 239].)

The judgment and order are affirmed.

Fox, P. J., and Ashburn, J., concurred.